U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 1 9 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| XIAO XU WU, <br>     Petitioner <br><br> VERSUS <br><br> D. C. COLE, et al., <br>     Defendants | CIVIL ACTION <br> SECTION "P" <br> NO. 1:15-CV-02341 <br><br><br> JUDGE DEE D. DRELL <br> MAGISTRATE JUDGE JAMES D. KIRK |

REASONS FOR JUDGMENT

In addition to the Magistrate Judge's reasoning, I make the following additional findings:

In response to the Report and Recommendation filed in the above-captioned case (Doc. 2), Wu filed a motion to withdraw her habeas petition, arguing that although the reasoning in the Report was incorrect, the recommendation was correct (Doc. 3).

Wu, a native and citizen of China, contests her continued detention since October 2, 2014, by the Bureau of Customs and Immigration Enforcement ("ICE") pending her removal from the United States. At the time of filing her petition, Wu was being detained in the LaSalle Detention Facility in Jena, Louisiana. The sole relief requested by Wu is release from custody pending her removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

The Report and Recommendation filed by the Magistrate Judge recommended dismissal of Wu's habeas petition as premature. Wu contends, in her objection, that the six-month removal period was miscalculated in the Report, but admits that her petition was still

premature under the correct calculation.

The presumptively reasonable six-month removal period begins with the beginning of the removal period, when the order of removal becomes final. Zadvydas v. Davis, 285 F.3d 398, 403 (5th Cir. 2002), citing Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). Also, Guo Xing Song v. U.S. Attorney General, 516 Fed.Appx. 894, 899 (11th Cir. 2013); Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002); Idowu v. Ridge, 2003 wl 21805198, *3 (N.D.Tex. 2003)(citing cases). Thus, the Supreme Court and the Fifth Circuit have both found that the presumptively reasonable six-month removal period includes the statutory 90 day removal period.

The Report and Recommendation previously filed in this case (Doc. 2) is incorrect because it found that the presumptively reasonable six month removal period begins at the end of the 90 statutory removal period. Pursuant to the incorrect calculation of the six month removal period, the Report and Recommendation recommended that Wu's case be dismissed as having been filed prematurely, before the six month period expired.

Pursuant to 8 C.F.R. 1003.39, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken, whichever occurs first. "The notice of appeal to the Board of Immigration Appeals of [a] decision of [an] Immigration Judge (Form EOIR-26) shall be filed

within 30 calendar days after the stating of an Immigration Judge's oral decision or the mailing of an Immigration Judge's written decision. If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day." 8 C.F.R. 1003.38 (b).

According to Wu (and her exhibit at Doc. 1), her removal order was entered on February 12, 2015. Therefore, Wu's removal order became final thirty days later, on March 16, 2015 (March 14, 2014 was a Saturday), and the presumptively reasonable six-month removal period in Wu's case expired on September 16, 2015.[1] Wu filed her habeas petition on September 8, 2015, eight days early, so Wu's petition must be dismissed as premature. <u>Okpoju v. Ridge</u>, 115 Fed.Appx. 302, **1 (5th Cir. 2004), cert. den., 544 U.S. 1066, 125 S.Ct. 2528 (2005); <u>Akinwale v. Ashcroft</u>, 287 F.3d at 1052.

Therefore, Wu's contention that the six month period was miscalculated was correct. However, the recommendation to dismiss the petition as premature was also correct because Wu's petition is still premature under the correct calculation.

November 18, 2015

CHIEF JUDGE DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[1] In her motion, Wu miscalculated the six month period by counting 180 days instead of counting six months as directed by the Supreme Court in <u>Zadvydas</u>.